No. 71.—SAMUEL BOYD, Appellant *v.* CHRISTOPHER CHAFFE.

A contract that cannot be enforced against the principal for want of a lawful cause, cannot be enforced against the vendee of the principal.

Courts of justice will not lend their aid to settle disputes growing out of contracts reprobated by law.

The enforcement of contracts by the courts of this State, the consideration of which was Confederate notes, is prohibited. Constitution, art. 127.

APPEAL from the Eleventh District Court, parish of Claiborne. *Watkins*, J. *L. B. Watkins*, for plaintiff and appellant, *W. B. Egan*, for defendant and appellee.

WYLY, J. In 1862, William Lackey contracted to sell the plaintiff a lot of cotton on his plantation in Claiborne parish, " to be delivered at Minden landing at any time having twenty days notice." The cotton remained in Lackey's gin house till 1865, when he sold it to the defendant Chaffe, who paid for it and obtained possession thereof.

The consideration of the sale in both instances was Confederate notes.

Plaintiff now sues the defendant for the cotton or its value, alleging that he had conspired with said Lackey to defraud and cheat him out of said cotton, knowing that said Lackey was not the owner thereof.

The evidence does not sustain the charge of fraud and collusion, nor does it establish the fact that Chaffe was aware that plaintiff had purchased the cotton from Lackey.

But even if he had been aware of the contract, that plaintiff had paid Lackey a sum of Confederate money in consideration of which the latter had obligated himself to deliver the cotton at Minden landing at any time, having twenty days notice, that would not have been a legal impediment to the sale.

Knowing that Lackey had received a sum in unlawful currency, in consideration of which he had contracted to deliver the cotton at Minden, did not incapacitate the defendant from making a lawful purchase of the cotton from Lackey. The prior obligation of Lackey to the plaintiff was null. An obligation without a cause, or with a false or *unlawful cause* is null and void. C. C. 1887, 1889; 17 A. 262; 19 A. 432, 257, 469.

If Lackey had retained possession of the cotton after contracting to sell it to the plaintiff and afterwards to the defendant, under the Constitution of 1868, and the well settled jurisprudence of this State, neither the plaintiff nor defendant could have enforced his contract with Lackey, because it had an unlawful purpose, being based on Confederate notes.

If plaintiff could not have enforced his contract against Lackey for the cotton, we do not see how he can enforce it against the vendee of Lackey.

We have often held that courts of justice cannot lend their aid to settle disputes founded on contracts reprobated by law. The policy of the law is to leave the parties where they have placed themselves.

Article 127 of the Constitution of 1868, prohibits the courts of this State from enforcing contracts of the character presented in this suit.

It is therefore ordered that the judgment of the court below dismissing plaintiff's demand, be affirmed with costs.